IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00269-CMA-KLM

VIVIAN WELLS,

    Plaintiff,

v.

DISH NETWORK L.L.C., a Colorado limited liability company,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Upon a ~~showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case~~ *The parties' stipulation*, IT IS HEREBY ORDERED: *KLM*

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "confidential" shall be information that is confidential and/or trade secret and implicates common law and/or statutory privacy interests of current or

-2-

former employees, representatives or agents of DISH Network L.L.C. ("DISH"). Designation of information as Confidential shall not affect its discoverability. Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. Confidential documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the Party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the Parties, including designated representatives for Defendants;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court, Arbitrator and/or their employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses provided all such individuals have executed a copy of the attached Nondisclosure Agreement; and

(h) other persons by written agreement of all the Parties.

5. Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, witnesses during the course of their testimony and stenographic reporters), counsel shall provide such person with a copy of this

Protective Order and obtain from such person a written acknowledgment (in the form of the attached Nondisclosure Agreement) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel, and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel. When disclosing Confidential Information to witnesses during the course of their testimony, the counsel designating a document as Confidential shall be obligated to advise the witness of the confidential nature of the information at that time.

6. Documents are designated as Confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "Confidential." Any document designated as Confidential must have been reviewed by an attorney who made a good faith determination that the document is entitled to protection.

7. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a Party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within twenty (20) days after notice by the court reporter of the completion of the transcript.

8. A Party may object to the designation of information as Confidential by giving written notice to the Party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as Confidential to file an appropriate motion requesting that the

Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion.

9. At the conclusion of this case, each document and all copies thereof which have been designated as Confidential shall be returned to the Party that designated it Confidential, or the Parties may elect to destroy Confidential documents at the conclusion of the time required by the rules governing attorneys for maintenance of such documents. Where the Parties agree to destroy Confidential documents, the destroying Party shall provide all Parties with an affidavit confirming the destruction.

10. When filing any document under seal, the Parties will file a Motion to Seal the document and comply with the procedures as set forth in D.C.COLO.LCivR 7.2.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

ORDERED this 14th day of April, 2011.

BY THE COURT:

_____
KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

STIPULATED TO AND APPROVED AS TO FORM this ___ day of April, 2011.

APPROVED:

*(signature)*

David Lichtenstein
1556 Williams Street, Suite 100
Denver, CO 80218-1661
(303) 831-4750 Telephone
(303) 863-0835 Facsimile

*(signature)*

Rachel E. Ellis, Esq.
Law Office of Rachel E. Ellis, P.C.
1556 Williams Street, Suite 301
Denver, Colorado 80218
(303) 989-4200 Telephone
(303) 380-1475 Facsimile
*Counsel for Plaintiff*

*(signature)*

Meghan W. Martinez
Elizabeth R. Imhoff
Barkley Martinez, P.C.
14426 East Evans Avenue
Denver, Colorado 80014-1474
(303) 597-4000 Telephone
(303) 597-4001 Facsimile
*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00269-CMA-KLM

VIVIAN WELLS,

    Plaintiff,

v.

DISH NETWORK L.L.C., a Colorado limited liability company,

    Defendant.

---

**NON-DISCLOSURE AGREEMENT**

---

STATE OF _____ )
                              ) ss.
COUNTY OF _____ )

    1.    My name is _____. My business affiliation is _____, and my title, if any, is _____.

    2.    I reside at _____, and my home telephone number is (\_\_\_) \_\_\_\_-_____. My business address and telephone number are _____, (\_\_\_) \_\_\_\_-_____.

    3.    I am aware that a Protective Order has been entered in *Vivian Wells v. DISH Network L.L.C.*, Case No. 11-cv-00269-CMA-KLM, now pending in the United States District Court for the District of Colorado. A copy of that Protective Order has been given to me, and I have read and understand the terms of the Protective Order.

    4.    I promise that any document marked "Confidential" or marked as containing Confidential Information will be used by me only in connection with assisting the Parties or their counsel in preparing for the resolution of the above-referenced litigation.

    5.    I promise that I will not disclose or discuss such Confidential documents or Confidential Information with any person other than the Parties to this action, their respective attorneys, members of their attorneys' staff, or in consultation with expert witnesses retained by any Party.

6. I understand that any use of Confidential Information obtained by me that is subject to the Protective Order or any portions or summaries thereof in any manner contrary to the provisions of the Protective Order or this Nondisclosure Agreement may subject me to the summary sanctions of the Court for contempt.

_____  
DATE

By: _____  
Title (if applicable): _____

SUBSCRIBED AND SWORN to before me this \_\_\_\_ day of _____, 2011, by_____.

[SEAL]

_____  
Notary Public

My Commission Expires: _____