IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-00269-CMA-KLM

VIVIAN WELLS,

    Plaintiff,

v.

DISH NETWORK, LLC, a Colorado limited liability company,

    Defendant.
_____

## ORDER DENYING STAY
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant's Motion for Immediate Stay of Discovery Pending Resolution of its Motion to Compel Arbitration** [Docket No. 26; Filed June 20, 2011] (the "Motion"). Due to Defendant's request for an immediate ruling, the Court resolves the Motion without waiting for Plaintiff's response. *See* D.C.COLO.LCivR 7.1C.  The Motion is premised on the Defendant's pending Motion to Compel Arbitration and Motion to Stay Proceedings Pending Arbitration [Docket No. 25] ("Motion to Arbitrate").  The Motion to Arbitrate has not been referred to this Court for resolution.  On the basis of the Motion to Arbitrate, Defendant seeks to stay discovery in this case until the validity of the parties' alleged arbitration agreement is established.  For the reasons set forth below,

    IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

    Stays are generally disfavored in this District.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007)

(unpublished decision). However, a stay may be appropriate in certain circumstances. The Court weighs several factors in making a determination regarding the propriety of a stay. *See String Cheese Incident, LLC v. Stylus Show, Inc.*, No. 02-cv-01934, 2006 WL 894955, at * 2 (D. Colo. Mar. 30, 2006) (unpublished decision) (denoting a five-part test). The Court considers (1) the interest of Plaintiff; (2) the burden on Defendants in going forward; (3) the Court's convenience; (4) the interest of nonparties, and (5) the public interest in general. *Id.* Here, those factors weigh against entry of a stay.

First, the Court notes that Plaintiff opposes a stay and expresses an interest in proceeding expeditiously with discovery. *See Motion* [#26] at 3. This is a reasonable position, as I have generally found that with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed. As such, delay may diminish Plaintiff's ability to proceed and may impact her ability to obtain a speedy resolution of her claims.

Second, in contrast, Defendant does not suggest any *undue* burden in proceeding with the case. The ordinary burdens associated with litigating a case do not constitute undue burdens. *See Collins v. Ace Mortgage Funding, LLC*, 08-cv-1709-REB-KLM, 2008 WL 4457850, at *1 (D. Colo. Oct. 1, 2008) (unpublished decision). Although Defendant has filed a Motion to Arbitrate which, if successful, may justify the imposition of a stay during the pendency of the arbitration, the Motion is not based on grounds typically warranting the imposition of a stay. More specifically, while Courts have frequently imposed a stay when compelling issues relating to jurisdiction or immunity have been raised, cf. *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery

should not be allowed while the issue is pending); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving traditional jurisdictional issue), a stay is only required *after* a determination has been made that the parties have a valid arbitration agreement.  *See* 9 U.S.C. § 3 (stay only required by Court "upon being satisfied that the issue involved . . . is referable to arbitration"); *see also  Qualcomm Inc. v. Nokia Corp.,* 466 F.3d 1366, 1370 (Fed. Cir. 2006) (if district court satisfied issue involved is arbitrable, then it must grant stay).  As the Motion to Arbitrate is not referred to me, I take no position as to Defendant's likelihood of success on it.

      Moreover as has been the Court's standing practice when resolving motions on this issue, absent an extraordinary or unique burden imposed by the discovery at issue, the Court finds that, on balance, a consideration of the first two *String Cheese* factors weighs against the imposition of a stay.  *Compare Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278 (D. Colo. Jan. 7, 2010) (granting rare stay due to existence of class claims and potentially onerous discovery during pendency of motion to compel arbitration which would likely foreclose pursuit of class claims), *with e.g.*, *Lester v. Gene Exp, Inc.*, No. 09-cv-02648-REB-KLM, 2010 WL 743555 (D. Colo. Mar. 2, 2010) (unpublished decision) (denying stay during pendency of motion to compel arbitration); *Bushman Inv. Props., Ltd. v. DBSI E-470 East LLC*, No. 09-cv-00674-MSK-KLM, 2010 WL 330224 (D. Colo. Jan. 20, 2010) (unpublished decision) (same); *Orbitcom, Inc. v. Qwest Communs. Corp.*, No. 09-cv-00181-WDM-KLM, 2009 WL 1668547 (D. Colo. June 15, 2009) (unpublished decision) (same).  While Defendant is correct that a favorable decision on the Motion to Arbitrate will obviate the need for further discovery conducted in this Court, given that the arbitration rules also provide for discovery, see *Motion* [#26] at 4, it is not

3

clear that the circumstances of this case present a compelling reason for deviating from my prior decisions in this area.[1]

Finally, the Court also considers its own convenience, the interest of nonparties, and the public interest in general. None of these factors prompts the Court to reach a different result. The Court is inconvenienced by an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and, hence, less manageable. This is particularly true when the stay is tied to a resolution of a motion for which ultimate success is not guaranteed. Moreover, although Defendant suggests that the District Judge is likely to resolve the pending Motion to Arbitrate well within the currently set discovery deadlines, (1) the Motion to Arbitrate is not yet fully briefed and (2) there is a shortage of judges in this District and matters are understandably taking longer to resolve as a result. While the Court identifies no particular interest of persons not parties in the litigation, the Court identifies a strong interest held by the public in general regarding the prompt and efficient handling of all litigation. Under these circumstances, the Court finds that a stay of discovery is not warranted.

Dated: June 22, 2011

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix

---

[1] In relation to Defendant's argument that the Court must stay discovery to protect Defendant from being deemed to have waived its right to arbitrate, see *Motion* [#26] at 5, nothing about Defendant's prior or current conduct is consistent with a finding of waiver. For example, the Motion to Arbitrate and the present Motion (including Defendant's suspension of all discovery obligations during its pendency), evidence the antithesis of waiver. Further, any future participation in discovery by Defendant is prompted by this Court's Order and may arguably prove useful if the parties are ultimately required to arbitrate.